UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Lemuel Cooper, et al.,

        Plaintiffs,

vs.                                               Case No. 3:10-cv-280-J-34MCR

City of Starke, Florida, et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Compel (Doc. 35) filed December 2, 2010. On December 30, 2010, Plaintiffs filed their response to Defendants Motion (Doc. 27).[1] Accordingly, this matter is now ripe for judicial review.

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See id.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. See United States v. Proctor & Gamble Co.,

---

[1] The Court notes Plaintiffs delay in responding to Defendants' Motion and cautions Plaintiffs that future delays may result in the motion being treated as unopposed and/or sanctions.

356 U.S. 677, 682, 78 S.Ct. 983 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant case, according to Plaintiffs, on or about December 16, 2010, Plaintiffs' served Defendants with responses to Defendants' Interrogatories and Requests to Produce. (Doc. 17, p. 2, ¶ 5). Plaintiffs assert they "are in compliance with any and all of Defendants' outstanding discovery requests." (Doc. 17, p. 2, ¶ 6). Therefore, based on upon Plaintiffs' representations, the Court finds the instant Motion is moot.

Additionally, the Court will deny Defendants' request for sanctions at this time. Under Rule 37(b), sanctions are not generally warranted absent a showing of bad faith, willfulness or that the other party has been substantially prejudiced. See e.g., Searock v. Stripling, 736 F.2d 650 (11th Cir. 1984). Defendants have made no such showing here. As such, the undersigned believes an award of sanctions would be unjust.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendants' Motion to Compel and for Discovery Sanctions (Doc. 35) is **DENIED as moot**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of January, 2011.

                                                      *Monte C. Richardson*
                                                    MONTE C. RICHARDSON
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party