# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

Lemuel Cooper, et al.,

        Plaintiffs,

vs.                                         Case No.  3:10-cv-280-J-34MCR

City of Starke, Florida, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 6) filed July 23, 2010.  Plaintiffs filed a response in opposition to Defendants' Motion (Doc. 11) on August 30, 2010.  Accordingly, the matter is now ripe for judicial review.

## I. INTRODUCTION

On March 31, 2010, Plaintiffs, Lemuel Cooper and Joshua Hutchinson, filed a Complaint against Defendants for personal injuries suffered on June 25, 2008, during the course of their arrest.  (Doc. 1).  On April 6, 2010, Judge Howard entered an Order striking Plaintiffs' Complaint as constituting an impermissible "shotgun pleading."  (Doc. 4).  On April 19, 2010, Plaintiffs filed an Amended Complaint attempting to cure the defective pleading.  (Doc. 5).  On July 23, 2010, Defendants filed the instant Motion to

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. 6). Plaintiffs responded to Defendants' Motion on August 30, 2010 (Doc. 11) and on January 13, 2011, Judge Howard entered an Order referring the Motion to the undersigned for entry of a report and recommendation (Doc. 29).

## II. **BACKGROUND FACTS**

Taking the facts in Plaintiffs' Amended Complaint as true, the following is a brief factual background for this case. On June 25, 2008, Plaintiffs Hutchinson and Cooper collided with a vehicle in Starke, Florida at approximately 6:30 p.m. Law enforcement arrived at the accident scene and later determined that Plaintiff Cooper had an outstanding warrant for violation of probation stemming from a fleeing and eluding charge. Sergeants Matthew Watson and Ricky Crews then pursued Plaintiffs Hutchinson and Cooper into a wooded area near the automobile accident. Upon apprehending Plaintiffs, Sergeants Watson and Crews brutally beat them causing various personal injuries. Throughout the beating, Plaintiffs were unarmed and neither posed a threat of harm to Defendants or others in the immediate vicinity. Additionally, police dogs were released to attack Plaintiff Cooper, causing multiple dog bite wounds.

Plaintiffs have brought suit against the City of Starke, Florida; the Starke City Police Department; Bradford County, Florida; Gordon Smith, individually and in his official capacity as the former Police Chief of Starke; Jeff Johnson, individually and in his official capacity as the current Police Chief of Starke; Matthew Watson, individually and in his official capacity as a Starke Police Sergeant; Ricky Crews, individually and in

his official capacity as a Starke Police Sergeant; and Harvey Rhodin, individually and in his official capacity as a Starke Police Captain.  See (Doc. 5).

### III.  ANALYSIS

Defendants seek to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**A.     Standard of Review**

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007).  Moreover, the Court must limit its consideration to the complaint and the written instruments attached to it as exhibits.  Rule 12(d), Fed. R. Civ. P.; GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993).

To withstand a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).  To determine whether a plaintiff has accomplished this, the Court engages in a two-step approach: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009).

**B.    Whether Plaintiffs' Amended Complaint is subject to dismissal for failure to state a claim upon which relief can be granted**

In the Amended Complaint, Plaintiffs name Sergeants Watson and Crews, individually and in their official capacity, pursuant to 42 U.S.C. § 1983 for excessive force under Counts I and Count II, for assault and battery under Count V, and for negligence under Count VII. (Doc. 5, pp. 5-7, 11, 12-13). In Count III, Plaintiffs name former Starke Police Chief Smith, individually and in his official capacity, for supervisory liability. (Id. at pp. 7-8). In Count IV, Plaintiffs name the City of Starke and the Starke City Police Department for municipal liability under 42 U.S.C. § 1983.[2] (Id. at pp. 8-11). In Counts VI and VIII, Plaintiffs name the City of Starke, the Starke City Police Department, and Bradford County for assault and battery and negligence, under the theory of *respondeat superior*. (Id. at pp. 12, 13). In Count IX, Plaintiffs name these same Defendants, including Starke Police Chief Johnson and former Starke Police Chief Smith, individually, for negligent hiring. (Id. at pp. 14-15). The Court will address each of these claims.

    **1.    Official Capacity Claims**

Plaintiffs have brought official capacity claims against Police Chief Johnson, former Police Chief Smith, Sergeant Watson, Sergeant Crews, and Captain Rhodin. In response to Plaintiffs' claims, Defendants argue that because Plaintiffs have named the

---

[2] In addition to naming the City of Starke and the Starke City Police Department for municipal liability, Plaintiffs name Defendants Watson, Crews, Rhodin, Smith, and Johnson as liable under this count.

City of Starke, the employer of each of the aforementioned defendants, the official capacity claims against these individual defendants are redundant and due to be dismissed.  (Doc. 6, pp. 5-6, 13).

When an officer is sued under 42 U.S.C. § 1983 in his or her official capacity, the suit is simply "'another way of pleading an action against an entity of which an officer is an agent.'" Kentucky v. Graham, 473 U.S. at 165, 105 S. Ct. at 3105 (1985) (citing Monell v. Department of Social Servs., 436 U.S. 658, 690 n. 55, 98 S. Ct. 2018, 2035 n. 55, 56 L. Ed. 2d 611 (1978)).  Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents.  See Graham, 473 U.S. at 165-66, 105 S. Ct. at 3105; Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 877-78, 83 L. Ed. 2d 878 (1985); Monell, 436 U.S. at 691, 98 S. Ct. at 2036; Farred v. Hicks, 915 F.2d 1530, 1532 (11th Cir.1990).

Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly.  See Graham, 473 U.S. at 166, 105 S. Ct. at 3105; Brandon, 469 U.S. at 471-72, 105 S. Ct. at 877-78; Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991).  Accordingly, the undersigned recommends Plaintiffs' official capacity claims against Police Chief Johnson, former Police Chief Smith, Sergeant Watson, Sergeant Crews, and Captain Rhodin be dismissed with prejudice.

### 2. The Starke City Police Department

Plaintiffs have brought suit against the Starke City Police Department asserting municipal liability under Count IV, assault and battery under Count VI, negligence under Count VII, and negligent hiring under Count IX. In response to Plaintiffs' claims, Defendants argue that municipal police departments do not have the capacity to sue or be sued. As such, Plaintiffs' claims against the Starke City Police Department are due to be dismissed. (Doc. 6, p. 6).

The Court agrees with Defendants' contention that the Starke City Police Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983. Sheriff's departments and police departments are not usually considered legal entities subject to suit, see, e.g., Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D. Ga.1984), but capacity to sue or be sued shall be determined by the law of the state in which the district court is held. Fed. R. Civ. P. 17(b). Under Florida law, municipal police departments do not have the capacity to sue or be sued. Masson v. Miami-Dade County, 738 So. 2d 431 (Fla. 3d DCA 1999).

Accordingly, the undersigned recommends Plaintiffs' claims against the Starke City Police Department be dismissed with prejudice.

### 3. Failure to Intervene

Plaintiffs have brought suit against Sergeants Watson and Crews, individually, under Count II, for failure to intervene. Plaintiffs argue Sergeants Watson and Crews failed to intercede to prevent the other from employing excessive force upon Plaintiffs.

(Doc. 5, pp. 7-8).  In response to Plaintiffs' claims, Defendants argue that because Plaintiffs allege that they merely "believed" that Sergeants Watson and Crews each had opportunities to intercede on behalf of Plaintiffs, their pleading fails to adequately state a cause of action for failure to intervene.  (Doc. 6, p. 7).

"[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance."  Velazquez v. City of Hialeah, 484 F.3d 1340, 1341 (11th Cir. 2007) (quoting Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir.2002)).  It must also be true that the non-intervening officer was in a position to intervene yet failed to do so. Priester v. City of Riviera Beach, 208 F.3d 919, 924 (11th Cir. 2000).

Here, among other allegations, Plaintiffs specifically allege that Sergeants Watson and Crews simultaneously beat Plaintiffs causing lacerations, bruises, and contusions.  See (Doc. 5, pp. 4, 7).  The undersigned believes Plaintiffs' Amended Complaint contains enough factual allegations to state a claim for relief that is plausible on its face.  As such, the Court recommends Defendants' Motion to Dismiss be denied insofar as it relates to Plaintiffs' claims against Sergeants Watson and Crews, individually, for failure to intervene.

### 4. **Supervisory Liability**

Plaintiffs assert a claim for supervisory liability against former Police Chief Smith, in his individual capacity, under Count III. (Doc. 5, pp. 7-8).  In response, Defendants argue that Plaintiffs' claims for supervisory liability "amount to nothing more than

unsupported conclusions of law and/or mixed fact and law allegations and require dismissal." (Doc. 6, pp. 8-10).

Supervisors can be held liable for their subordinates' constitutional violations under Section 1983 when the supervisor personally participates in the alleged constitutional violation, or where there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. Keating v. City of Miami, 598 F.3d 753 (11th Cir. 2010). The causal connection may be established where: (1) a history of widespread abuse puts a reasonable supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's custom and policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007).

Here, Plaintiffs allege former Police Chief Smith is individually liable based upon his:

> a. Failing to supervise properly the training and conduct of Sherriff's [sic] Deputies,[3] Defendants Watson and Crews, regarding the constitutional limitations on the use of force;
> b. Failing to enforce the laws of Starke City, the State of Florida and the provisions of the United States Constitution concerning the use by members of the police force while making the arrest, and;
> c. Issuing vague, confusing, and contradictory policies concerning the use of force that are inconsistent with

---

[3]The Court notes that Defendants Watson and Crews are not Sheriff's Deputies.

> requirements of the Fourth and Fourteenth
> Amendments of the United States Constitution.

(Doc. 5, pp. 7-8).  The undersigned believes Plaintiffs' allegations are sufficient to support a plausible claim for relief.

Accordingly, the Court recommends Defendants' Motion to Dismiss be denied insofar as it relates to Plaintiffs' claims against former Police Chief Smith, based upon supervisory liability.

### 5. **Municipal Liability**

Plaintiffs allege municipal liability under 42 U.S.C. § 1983 against Defendants the City of Starke, the Starke City Police Department,[4] former Police Chief Smith, current Police Chief Johnson, Sergeant Watson, Sergeant Crews, and Captain Rhodin, individually, under Count IV.[5]  (Doc. 5, pp. 8-11).  In response, Defendants argue Plaintiffs' allegations regarding municipal liability fail to satisfy pleading requirements of Federal Rule of Civil Procedure 8(a).  (Doc. 6, pp. 10-11).

For a municipality to be held liable under Section 1983, Plaintiff must show that: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to his constitutional rights; and (3) the policy or custom caused the violation of his constitutional rights.  McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  As to the policy, it may be created by a decision that is

---

[4] As above-analyzed, the undersigned believes that Plaintiffs' claims against the Starke City Police Department are due to be dismissed.

[5] The Court is perplexed as to why Plaintiffs attempt to bring a municipal liability claim against individual persons.

officially adopted by the municipality or created by an official of such rank that he or she could be said to be acting on behalf of the municipality.  Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005).

Though the heightened pleading standard for Section 1983 actions has been abolished in this circuit, Randall v. Scott, __ F.3d __, 2010 WL 2595585 (11th Cir June 30, 2010); the requirement that Plaintiffs' Complaint set out well pleaded facts sufficient to support a plausible claim for relief remains.  Ashcroft v. Iqbal, 556 U.S. ___ , 129 S. Ct. 1937 (2009).  The Court agrees with Defendants' contention that Plaintiffs' allegations regarding municipal liability merely assert conclusions of law citing to unnamed policies, practices and customs, unspecified failures in training, and assertions of failure to supervise and discipline.

Accordingly, as Plaintiffs' assertions are not supported by factual allegations which describe or particularly identify any policies and practices which Plaintiffs' claim violated their constitutional rights, the undersigned recommends Plaintiffs' municipal liability claims be dismissed without prejudice.[6]

### 6. Negligence Claim Against Defendants Watson and Crews

Plaintiffs bring a claim for common law negligence against Sergeants Watson and Crews, individually, under Count VII.  (Doc. 5, pp. 12-13).  In response, Defendants argue a negligence claim may not be maintained against these defendants individually because they were acting as employees of the City of Starke.  (Doc. 6, pp. 11-12).

---

[6] The undersigned recommends Plaintiffs' municipal liability claims be dismissed *without prejudice* as Plaintiffs may be able to adequately state a claim.

Florida Statute § 768.28(9)(a) provides, in relevant part:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. ...

Here, Plaintiffs' do not allege Defendants Watson and Crews acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Accordingly, the Court recommends Plaintiffs' negligence claim against Sergeants Watson and Crews be dismissed without prejudice.[7]

### 7. **Negligence Claim Against the City of Starke**

Plaintiffs assert a claim of common law negligence against the City of Starke under the theory of *respondeat superior,* based on the conduct of Sergeants Watson and Crews, under Count VIII. (Doc. 5, p. 13). However, the undersigned recommends Plaintiffs' negligence claim against Sergeants Watson and Crews be dismissed. Therefore, the City of Starke cannot be liable under the theory of *respondeat superior*. Accordingly, Plaintiffs' negligence claim against Defendant City of Starke are due to be dismissed without prejudice.[8]

---

[7]The undersigned recommends Plaintiffs' negligence claims against Defendants Watson and Crews, individually, be dismissed *without prejudice* as Plaintiffs may be able to adequately state a claim.

[8]The undersigned recommends Plaintiffs' negligence claims against the City of Starke be
(continued...)

-11-

### 8. Punitive Damages

Plaintiffs claim they are entitled to recover punitive damages. (Doc. 5, p. 16). In response, Defendants contend Plaintiffs may not recover punitive damages from the City of Starke. (Doc. 6, pp. 13-14).

As a municipality, the City of Starke is immune from punitive damages under 42 U.S.C. § 1983. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981). Likewise, to the extent the Plaintiffs seek punitive damages under state law, their claim is barred by Florida Statute Section 768.28. See § 768.28(5), Fla. Stat. ("A state and its agencies and subdivision shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages ...").

According, Plaintiffs may not seek punitive damages against the City of Starke. To the extent Plaintiffs are intending to do so, the Court recommends any such claims be dismissed with prejudice.

### III. CONCLUSION

Accordingly, after due consideration, it is

**RECOMMENDED**:

1.   Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 6) be **GRANTED in part and DENIED in part** as provided in the body of this Report and Recommendation.

---

[8](...continued)
dismissed *without prejudice* as Plaintiffs may be able to adequately state a claim.

     2.     Plaintiffs' official capacity claims against Defendants Smith, Johnson, Watson, Crews, and Rhodin be dismissed with prejudice.

     3.     Plaintiffs' claims against the Starke City Police Department be dismissed with prejudice.

     4.     All municipal liability claims be dismissed without prejudice.

     5.     Plaintiffs' claim for common law negligence against Defendants Watson and Crews, individually, be dismissed without prejudice.

     6.     Plaintiffs' claim for common law negligence against the City of Starke be dismissed without prejudice.

     7.     Plaintiffs' claims for punitive damages against the City of Starke be dismissed with prejudice.

     8.     All other claims contained in Plaintiffs' Amended Complaint be upheld as containing enough factual allegations to state a claim for relief that is plausible on its face.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  9th  day of February, 2011.

*Monte C. Richardson*
       MONTE C. RICHARDSON
  UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

The Honorable Marcia Morales Howard
    District Court Judge