UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Lemuel Cooper, et al.,

        Plaintiffs,

vs.                                            Case No. 3:10-cv-280-J-34MCR

City of Starke, Florida, et al.,

        Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Quash Service of Process (Docs. 42, 44) filed June 13, 2011 and June 17, 2011.

**I.    BACKGROUND**

Plaintiffs filed a Second Amended Complaint on April 1, 2011, (Docs. 34, 36), which was stricken by the Court on April 6, 2011, (Doc. 35), because Plaintiffs neither obtained leave of court by motion or consent of the parties. Plaintiffs subsequently obtained consent of the then-served Defendants on April 11, 2011. (Doc. 37).

On April 25, 2011, the Clerk of Court issued summonses for newly named defendants including, the Florida Department of Corrections, its former Secretary, Walter A. McNeil, Union Correctional Institute ("UCI"), Reception and Medical Center Work Camp ("RMC-WC"), Colonel Scott Stewart, Officer Richard Shuler, Officer Bobby Adams, Officer Stephen Henley, and Officer Jason Polk.

The summons issued for the Florida Department of Corrections designates the Department of Corrections' Agency Clerk to be served. (Doc. 42-A). On May 20, 2011, the summons and complaint were served on Agency Clerk, Katie Zimmer. (Doc. 42-B).

The summons issued for Defendant McNeil, former secretary of the Florida Department of Corrections, directed that he be served c/o the Department of Corrections' Central Office. (Doc. 42-C). On May 20, 2011, the summons and complaint were left at the Office of General Counsel for the Department of Corrections with attorney Paul Martin. (Doc. 42-D).

The summons issued for UCI designates Linda Clance, a Correctional Sentence Specialist at UCI, to be served. (Doc. 44-A). On May 25, 2011, the summons and complaint were served on Ms. Clance. (Doc. 44-D). The summons issued for the RMC-WC designates the Warden, Brian Reidle, who is in charge of the facility to be served. (Doc. 44-B). However, the summons and complaint were served upon Stasi McKenzie, a staff assistant in the administrative offices of the institution. (Doc. 44-F).

The summonses issued for individual Defendants Stewart, Shuler, Adams, Henley, and Polk, designate that each is to be served individually at their respective places of employment. (Doc. 44-C). However, the summonses and complaints for Defendants Henley and Polk were served on Ms. Clance and summonses and complaints for Defendants Stewart, Shuler, and Adams were served on Ms. McKenzie. (Doc. 44-C).

Defendants filed Motions to Quash Service as to each of the above-named defendants for failure to accomplish proper service. (Docs. 42, 44). Plaintiffs filed their

responses in opposition to Defendants' Motions. (Doc. 47, 48). Accordingly, this matter is now ripe for judicial determination.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 4(e)(2), proper service may be accomplished by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Gregory v. United States, 942 F.2d 1498, 1500 (10th Cir.1991) (quotation omitted). The Court will address service for each of the defendants at issue.

### A. Service on the Florida Department of Corrections

With regard to service on the Florida Department of Corrections, Plaintiffs served the department's Agency Clerk, Ms. Zimmer. This is improper. Under Federal Rule of Civil Procedure 4(j)(2), "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." State law requires that complaints against a state agency be served upon the agency head – in this case, current Secretary Edwin Buss. See § 48.111, Fla. Stat. (2010). Additionally, the Agency Clerk does not stand in the

shoes of the Secretary for purposes of civil litigation. Rather, the Agency Clerk has functions that only relate to filings in administrative proceedings and maintenance of final orders of the agency under Chapter 120, Florida Statutes. Since Plaintiffs have not complied with the requirements of Rule 4(j)(2), service is improper on the Florida Department of Corrections.

As noted above, where service is insufficient, courts generally quash the service and give the plaintiff an opportunity to re-serve the defendant. See Gregory, 942 F.2d 1500. Therefore, the Florida Department of Corrections shall be properly served no later than **Friday, July 8, 2011.**

## B. Service on Defendant McNeil

With regard to service on former secretary of the Florida Department of Corrections Defendant McNeil, service was left at the Office of General Counsel for the Department of Corrections with attorney Mr. Martin. (Doc. 42-D). This is improper. The Federal Rules of Civil Procedure do not authorize leaving the summons and complaint with anyone at a former place of business. Additionally, the department's attorneys are not authorized to accept service on behalf of Mr. McNeil in his individual capacity. According to the complaint, Mr. McNeil is being sued for damages in his individual capacity. (Doc. 36, p. 3). Therefore, Mr. Martin does not have authority to accept service for Mr. McNeil in his individual capacity regarding a claim for damages against him personally. Accordingly, Defendant McNeil shall be properly served no later than **Friday, July 8, 2011.**

### C. Service on Defendants UCI and RMC-WC

With regard to service on UCI, Plaintiffs served Ms. Clance, a correctional specialist at the institution. With regard to service on RMC-WC, Plaintiffs served Ms. McKenzie, a staff assistant in the administrative offices of the institution. This is improper. Under Federal Rule of Civil Procedure 4(j)(2), "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." State law requires that complaints against a public agency be served upon the agency head – in this case, for UCI and for the RMC-WC, the Warden in charge of each respective facility. See § 48.111(2), Fla. Stat. (2010). Ms. Clance and Ms. KcKenzie do not have authority to accept service for the Warden of the facility. See (Doc. 44-E). Therefore, Defendants UCI and RMC-WC shall be properly served no later than **Friday, July 8, 2011.**

### D. Service on Defendants Stewart, Shuler, Adams, Henley, and Polk

Ms. Clance and Ms. McKenzie were served on behalf of the above-named individual defendants. This is improper. The Federal Rules of Civil Procedure do not authorize leaving a copy with any person at a place of business, and the Department of Corrections' policy on service of process does not authorize this type of service. See (Doc. 44-E). Therefore, Ms. Clance and Ms. McKenzie do not have authority to accept

service for these individuals defendants.  Accordingly, Defendants Stewart, Shuler, Adams, Henley, and Polk shall be properly served no later than **Friday, July 8, 2011.**[1]

## III.     CONCLUSION

Accordingly, after due consideration it is

**ORDERED:**

Defendants Motions to Quash Service of Process (Docs. 42, 44) are **GRANTED**[2] as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of June, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[1] The Court notes that it has considered Plaintiffs arguments regarding the appropriateness of each of the services at issue. (Docs. 47, 48).  Although convincing in some respects, in an abundance of caution, the Court directs that the parties be re-served.

[2] This Court's ruling is limited to Defendants' Motions to Quash, Defendants' Motion to Dismiss will be addressed by separate order.